IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Earl Bryant, ) | |
| ) | Civil Action No. 6:12-483-RBH-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Wardern Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner who is represented by counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined at McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC"). The petitioner was indicted at the January 19, 1998, term of the Dillon County grand jury for murder, malicious injury to personal property, malicious injury to real property, and failure to stop for a blue light (Indictments 98-GS-17-207, 205, 206 & 79). The petitioner was represented on the charges by A Lafon Leggette. The petitioner proceeded to jury trial on March 11, 1998, before the Honorable Marc Westbrook, Circuit Court Judge. The jury found the petitioner guilty of all charges. The court sentenced petitioner to life imprisonment for murder, three years consecutive for failure to stop for a blue light, and 30 days consecutive on the remaining malicious injury to property charges.

The petitioner appealed his convictions and sentences to the South Carolina Supreme Court by way of an *Anders* brief. He was represented in the appeal by Robert M. Dudek of the S.C. Office of Appellate Defense. In the *Anders* brief, the petitioner raised the following issue: "Whether the judge abused his discretion by refusing to declare a mistrial, or refuse prosecution the use of photographs, and a diagram, based upon several Rule 5, SCRCrimP, violations by the state, since the wrongly withheld evidence prejudiced appellant's ability to present a defense?" Mr. Dudek certified to the Supreme Court that the appeal was without merit and requested to be relieved as counsel. (*Anders* brief 3, 12). The petitioner filed a *pro se* response, but no new grounds were raised. On March 3, 2000, in a per curiam opinion, the South Carolina Supreme Court dismissed the appeal under Rule 220(b)(1) SCACR, after consideration of petitioner's *pro se* brief and review pursuant to *Anders v. California*, 386 U.S. 738 (1967). *State v. William Earl Bryant*, Memorandum Opinion NO. 2000-MO-024 (March 3, 2000). The Remittitur was issued on March 22, 2000.

On March 6, 2001, the petitioner filed an application for post-conviction relief ("PCR") (2001-CP-17-0081) alleging ineffective assistance of counsel, lack of subject matter jurisdiction because of an invalid indictment, and corrupt police officer. A hearing was convened into the matter on September 13, 2002, before the Honorable John Milling, Circuit Court Judge. The petitioner was present at the hearing and represented by collateral counsel Samuel B. Ingram. The respondent was represented by Allen Bullard of the S.C. Attorney General's Office. At the hearing, the petitioner testified on his own behalf and also called Hazel Townsend. The State called the petitioner's trial counsel, Lafon Legette. The PCR court had before it the trial record, the petitioner's criminal records, prison records, the PCR application, the State's Return, and appellate records. On November 12, 2002, the PCR court issued its Order of Dismissal denying and dismissing the PCR application with prejudice. The petitioner did not appeal the denial of this PCR action.

On August 30, 2004, the petitioner filed a second PCR application. The respondent made its Return on January 11, 2005, requesting the application be summarily dismissed based upon the expiration of the statute of limitations and the presumption against successive PCR applications. Pursuant to this request, and after reviewing the pleadings in this matter, the Honorable James C. Lockemy, Circuit Court Judge, issued a Conditional Order of Dismissal on April 29, 2005, provisionally denying and dismissing this action because it was time barred and successive under state law, while giving the petitioner 20 days from the date of service of the Order in which to show why the dismissal should not become final. The Conditional Order of Dismissal was served on the petitioner on May 26, 2005. In a document captioned "Applicant's response to respondent's return and motion to dismiss" and dated January 26, 2005, the petitioner argued "his post-conviction relief application should be heard where he claims that his conviction was void for lack of subject matter jurisdiction." The court reviewed the petitioner's response to Respondent's Motion to Dismiss in its entirety, in conjunction with the original pleadings, and found sufficient reason had not been shown why the Conditional Order of Dismissal should not become final. It was therefore ordered that for the reasons set forth in the Conditional Order of Dismissal, the second application for PCR was denied and dismissed with prejudice. The Final Order was issued on August 18, 2005. No appeal was taken from the dismissal of this second PCR application.

On September 6, 2006, the petitioner filed a third PCR application. The State field a Return and Motion to Dismiss on October 24, 2006. On November 3, 2006, J. Michael Baxley, Circuit Court Judge, issued a Conditional Order of Dismissal provisionally denying and dismissing this action finding it was in violation of the state statute of limitations and successive under state law. In this application, the petitioner raised ineffective assistance of PCR counsel for failing to file an appeal from the denial of his first PCR application. The court found specifically that this ground was time-barred and successive

3

under state law because the petitioner could have raised this ground in his second PCR application. Pursuant to the Conditional Order of Dismissal, the petitioner was given 20 days to show why the Conditional Order should not become final. In a document dated November 9, 2006, captioned "Notice and Motion to Strike and Opposition to the State's return to dismiss," the petitioner argued he was entitled to a belated appeal from the denial of his first PCR application.

On April 7, 2007, a Final Order was issued dismissing the third PCR application. After review of the petitioner's response to the respondent's Motion to Dismiss, the Honorable Paul M. Burch, Chief Administrative Judge, found sufficient reason had not been shown as to why the Conditional Order of Dismissal should not become final. Judge Burch found this action was filed clearly outside the state statute of limitations and that it was successive under state law. The court also found the petitioner was not entitled to a belated appeal from his first PCR application under *Austin v. State*, 409 S.E.2d 395 (1991). Judge Burch specifically found the petitioner failed to raise this issue in his second PCR application. The court noted that the petitioner's second PCR application only made allegations of ineffective assistance of counsel against his trial attorney. The court found that by the time he filed his second PCR application, the petitioner was clearly aware that the denial of his first PCR application had not been appealed, yet he failed to raise an *Austin* claim at that time. The court found this issue was barred by the one-year statute of limitations, and therefore this application was denied and dismissed with prejudice. The petitioner did not appeal the order.

On December 28, 2010, the petitioner filed a fourth PCR application. The State filed a Return and Motion to Dismiss on March 4, 2011. A Conditional Order of Dismissal was issued by the Honorable J. Michael Baxley, Circuit Court Judge, on March 7, 2011, and filed March 11, 2011, provisionally denying and dismissing this application with prejudice on the basis that this application was in violation of the state statute of limitations

and was successive under state law. On March 22, 2011, the petitioner filed a document captioned "Notice and Motion to Recuse." On May 3, 2011, the court filed its Final Order of Dismissal. The petitioner then filed a "Notice and Motion for a 59(e) Motion," dated May 4, 2011. The respondent made its Return to this motion. Based on careful reconsideration of the record in this case and upon full consideration of the petitioner's motion and supporting memorandum, the court was not persuaded to alter or amend the judgment. The court further found that oral argument would not aid in the reconsideration of the original judgment and that the previous order fully comported with the requirements of Rule 52(a) SCRCP. The petitioner's "Notice and Motion for a 59(e) Motion" was denied. This Order was issued on June 24, 2011 and filed with the Clerk of Court on July 1, 2011 (doc. 25-31).

The petitioner appealed from the denial of his fourth PCR application to the South Carolina Supreme Court. Because his fourth PCR action was dismissed as successive and time-barred, the Supreme Court issued a letter to the petitioner on December 30, 2011, requiring him to file a Rule 243(c), SCACR explanation as to why this determination was improper. On February 8, 2012, the South Carolina Supreme Court dismissed the appeal finding the petitioner had failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. The Remittitur was issued on February 24, 2012.

## **FEDERAL PETITION**

The plaintiff's federal habeas petition was received by the McCormick Correctional Institution mailroom on February 15, 2012[1], and was filed in the district court

---

[1] As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

on February 27, 2012. In his petition, which was filed *pro se*, the petitioner makes the following claims:

> **Ground one**: Ineffective assistance of PCR counsel, failed to file notice of appeal from denial of first PCR application.
>
> Supporting facts: PCR counsel failed to perfect appeal pursuant to Austin from denial of my first PCR 01-CP-17-081 where I did not knowing or voluntarily waive my right to appeal.
>
> **Ground two**: Violation of Due Process 1st/ 14th Amend.

(Pet. 6-7).

On August 2, 2012, the respondent filed a motion for summary judgment. By order filed August 24, 21012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 14 and October 12, 2012, respectively, the petitioner was granted extensions of time through November 19, 2012, to file a response to the motion for summary judgment. He did not timely file a response, and on December 5, 2012, this court issued a second order giving the petitioner until December 27, 2012 to file his response. The petitioner filed his response on December 27, 2012.

## **APPLICABLE LAW AND ANALYSIS**

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the

---

[2] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

6

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).  State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, it is clear that the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A).  The petitioner's direct appeal was dismissed by the South Carolina Supreme Court on March 3, 2000.   The statute of limitations began to run 90 days later on June 2, 2000.  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days).  The petitioner did not file his first PCR action until March 6, 2001. As a result, ten months and approximately four days expired on the AEDPA one-year time clock.  The petitioner had one month and approximately 26 days remaining within which to timely file his federal habeas petition. The statute remained tolled during the pendency of the PCR action. The PCR action ended on November 12, 2002, when the Order of Dismissal was issued by the first PCR Court.[3] The one-year statute of limitations began to run again on November 13, 2002, and expired one month and approximately 26 days later on or about January 9, 2003.   The petitioner did not file his second PCR action until August 30, 2004.   As a result, there was no properly filed PCR application in state court from November 12, 2002, until August 30, 2004, a period of over one year and nine months. Further, the second PCR action was dismissed

---

[3]The petitioner did not appeal his first, second, and third PCR actions.

7

on August 18, 2005.  The petitioner did not file another state PCR action until September 6, 2006. As a result, another one year and approximately 18 days expired in which there was no PCR action pending in state court, much less a properly filed PCR action. The third PCR action was dismissed on April 7, 2007.  The petitioner did not file another PCR action until the fourth PCR action was filed on December 28, 2010. As a result, there was an additional three years and eight months that expired while there was no PCR action pending in state court, much less a properly filed PCR action.

Moreover, as argued by the respondent, because the petitioner's second, third, and fourth PCR applications were successive and untimely, they were not "properly filed" and thus cannot toll the federal habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  Even if the second PCR application had been properly filed and could toll the statute of limitations, the current federal petition would still be untimely as the time period for filing the federal habeas petition had already expired when the second PCR action was filed on August 30, 2004.   The petitioner did not file this federal habeas action until February 15, 2012. Clearly, the petitioner is in violation of the AEDPA one-year statute of limitations by over nine years.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

The petitioner argues that the statute of limitations should be equitably tolled because his counsel in the first PCR passed away before he could file an appeal as the petitioner had requested (pet. resp. to m.s.j. 6; pet. 14). Notably, in his third state PCR action, the petitioner argued that he was entitled to a belated appeal from the denial of his first PCR application. The PCR judge found the petitioner was not entitled to a belated appeal under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) because the petitioner failed to raise the issue in his second PCR application. The court noted that by the time the petitioner filed his second PCR application, he was clearly on notice that the denial of his first PCR application had not been appealed, and yet he failed to raise the *Austin* claim at that time. Accordingly, the judge found the petitioner's third PCR action was barred by the one year statute of limitations. *Bryant v. State*, 2006-CP-17-0308, Final Order (April 7, 2007). Likewise here, the petitioner has not shown that he has pursued his rights diligently. Secondly, the petitioner has not shown that some extraordinary circumstance stood in his way and prevented him from timely filing, especially where the petitioner has waited over nine years after the expiration of the AEDPA one-year statute of limitations to file this action. Accordingly, this is not an appropriate case for equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

s/ Kevin F. McDonald  
United States Magistrate Judge

January 4, 2013  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).